■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* LAWRENCE HARRY FISHER, Appellant.— HERLIHY, P. J. Appeal by the defendant from so much of a judgment of conviction of the County Court of St. Lawrence County, rendered December 5, 1968, as imposes a one day to life sentence *nunc pro tunc* as of October 24, 1961. The prior identical sentence of the defendant for the crime of rape in the first degree (former Penal Law, § 2010) was vacated upon a habeas corpus application in accordance with the mandate of *People* v. *Bailey* (21 N Y 2d 588). The issue upon this appeal is whether or not the sentencing court had sufficient evidence before it to establish "whether defendant presents a probable behavior pattern which would render it dangerous to release him now; and if it does, whether such behavior problem can be favorably affected by custodial medical treatment." (*People* v. *Jackson*, 20 A D 2d 170, 174; see, also, *People* v. *Bailey*, *supra*, 594, 598, 599.) Apparently, there should be some evidence — expert opinion — "as to whether the defendant has a sex problem." (*People* v. *Kearse*, 28 A D 2d 910.) However, some facts would probably indicate a "sex problem" to even a layman, such as in this case the commission of rape on a four-year-old girl. The psychiatrist who testified in this case was of the opinion that the defendant was not a danger

to society in his sexual behavior as long as he abstained from alcoholic beverages. The record contains evidence that the defendant had on two occasions since 1961 conducted himself with an 11-year-old girl in a suggestive manner and that he had not then been under the influence of alcohol on such occasions. Whether the defendant's anti-social sexual behavior pattern or problem would only recur when he was intoxicated or whether intoxication would make his behavior more bizarre, the record establishes a "sex problem" as to young girls as a matter of fact. The defect in the defendant's character was diagnosed as a psychopathic personality. The psychiatrist testified that this was not a mental illness and that the defendant has progressed for the better since 1961. The witness testified that there was no known treatment for the defendant's problem, but that psychiatric counseling or interviews are beneficial as a means to instill a sense of right and wrong and to establish a stable maturity in the defendant. The record establishes that such services are available in the penal system and have been accorded to the defendant. The present record in its entirety contains evidence to support a finding of a probable behavior pattern which would make it dangerous to release him and that he is capable of being benefited by further subjection to the restrictions of the indeterminate sentence by actual confinement or parole as the appropriate authorities may determine. However, in view of the circumstances, the defendant should have the benefit of periodic psychiatric evaluations and the opportunity for a hearing before the Parole Board. Judgment affirmed. Herlihy, P. J., Reynolds, Staley, Jr., Greenblott and Cooke, JJ., concur in memorandum by Herlihy, J.